**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Jorge O. Feliciano Monroig,** **Medeline Salva Malaret, and** **Genesis Feliciano Salva** *Plaintiffs* *v.* **AT&T Mobility Puerto Rico, Inc.** **a/k/a AT&T Mobility,** **AT&T of Puerto Rico, Inc., and** **Angel Rijos-Ortiz** *Defendants* | CIVIL ACTION Case No. **3:16-cv-2810** **ADEA / TORTS** (EMPLOYMENT/TORTS) **Demand for Jury Trial** Plaintiffs herby demands a trial by jury for the case. |

## COMPLAINT

### INTRODUCTION

1.      This is a civil action challenging the unlawful failure of AT&T Mobility Puerto Rico, Inc. a/k/a AT&T Mobility and AT&T of Puerto Rico, Inc. (Hereinafter "**AT&T**"), to prevent workplace **age discrimination** against plaintiff *Jorge O. Feliciano-Monroig* ("**Feliciano-Monroig**"), who is forty-six (46) years of age, and works as retail customer service representative for AT&T.  He has worked for AT&T Mobility Puerto Rico for approximately fifteen (15) years. This civil action also challenges AT&T management's unlawful violation of plaintiff's family fundamental right to privacy and his constitutionally protected individual second amendment right.

2.      Feliciano-Monroig respectfully asks this Court to find Defendant's treatment of him in violation of the Age Discrimination in Employment Act, as amended, and in violation of Puerto Rico Commonwealth's statutes, and to award the relief requested below.

3.      Defendants violated Feliciano-Monroig's rights under federal law protecting workers from discrimination on the basis of his *age*. Defendants also violated his family's Constitutional right to privacy and his Second Amendment Right. Defendants are jointly and

severely liable for violating Feliciano-Monroig's rights under federal and Puerto Rico law. The Plaintiffs seek compensatory damages, punitive damages and reasonable attorney fees.

## JURISDICTION

4.      This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and this Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.  This Honorable Court also has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).  The Honorable Court also has original jurisdiction over Plaintiff employer's violation of his constitutional rights.

5.      Venue properly lies before this Court under 28 U.S.C. §1391(b).  Plaintiff and Defendants are resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district.  A substantial part of the events giving rise to this suit arose on the premises of AT&T, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

6.      Prior to filing this lawsuit, Feliciano-Monroig filed a timely written charge with the Equal Employment Opportunity Commission ("EEOC"), where he notified defendants and indicated discrimination based on his *age*.  The charge placed defendants on notice of his claim under federal employment discrimination statutes, such as the Age Discrimination in Employment Act.  He received a *Notice of Right to Sue*, which is included with this complaint. See **Exhibit I**. On August 11, 2016, the EEOC issued a *Notice of Right to Sue*.  Plaintiff has filed this action

within 90 days of receipt of the notice. Accordingly, Feliciano-Monroig has exhausted all administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed.

### PARTIES

9.      Plaintiff **Jorge O. Feliciano-Monroig** is a citizen of Toa Alta, Puerto Rico and at all relevant times was employed by AT&T in the Commonwealth of Puerto Rico.  He is over the age of forty and works in Customer Service.  He resides in the judicial District of Puerto Rico.

10.      Coplaintiffs **Madeline Salva Malare** and **Genesis Feliciano Salva**, are plaintiff's wife and daughter, respectively.  They suffered a harm, as a result of violation of their privacy and the emotional anguish suffered, as a result of Feliciano-Monroig's AT&T rogue Security Manager.

11.      Defendant **AT&T Mobility Puerto Rico, Inc.** a/k/a AT&T Mobility (formerly known as CCPR Paging, Inc.) is a *for profit* foreign corporation registered with the Commonwealth of Puerto Rico Department of State, with registration number 8171.  According to Department records, the corporation's designated office address is 103 Ortegon Street, Guaynabo, PR 00966 and mailing address PO Box 192830, San Juan, PR  00919-2830.  With telephone (787) 397-1000.

12.      Defendant **AT&T of Puerto Rico, Inc.** is subsidiary, parent company and/or affiliate of AT&T Mobility Puerto Rico, Inc.  It is a foreign *for profit* corporation registered with the Commonwealth of Puerto Rico Department of State, with registration number 2698. According to Department's 2013 records, the corporation's Vice President is Ramon Flores, with the mailing address PO Box 192830, San Juan, PR 00919-2830.  With telephone (787) 620-7721.

13.      Codefendant **Angel Rijos-Ortiz** was at all times relevant to the complaint, AT&T's Security Manager, and was the person primarily responsible for employer's tortious misconduct. Defendant Angel Rijos-Ortiz is sued in both his representative and his individual capacity.  His employer AT&T is vicariously liable for Rijos-Ortiz tortious conduct and violation of plaintiffs' rights. Rijo-Ortiz retaliated against plaintiff Feliciano *after* he complained to AT&T Ethics hotline.

14.     Defendants participated in and/or directed the unlawful violations alleged herein, or knew of violations and failed to prevent. All individual Defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

15.     Plaintiff Jorge Feliciano-Monroig began working for AT&T Mobility Puerto Rico, Inc. in October 2011, after it acquired his former employer, where he had worked since 1999.  He has worked for AT&T for the past fourteen (14) years and currently holds the position of Retail Sales Consultant, at AT&T's Plaza Las Americas Store (Second Floor), located at 525 Ave. Roosevelt, Suite 150, San Juan, Puerto Rico.  As Retail Sales Consultant, the plaintiff over his fourteen (14) years of service provided wireless communication solutions for AT&T's customers.

16.     At some point in 2014, his Store Manager was changed and Plaintiff Feliciano-Monroig began to receive unjustified disciplinary with the sole purpose to accelerate the process to exclude him from the workplace.  It was at that point in time, that he noticed his coworkers were being replaced by younger employees, who were paid far less and worked fewer hours.  He noticed similarly situated employees who had worked for many years, were selectively targeted by AT&T management, for unjustified adverse employment action to seek their resignation or constructively terminate their employment.  Feliciano-Monroig believes he was selectively targeted by AT&T management for unwarranted and often unscrupulous corrective actions because of his age.

17.     Over the course of fifteen (15) years of employment for AT&T his performance was never a serious issue, nor warranted ongoing disciplinary actions. He met work expectations.

18.     During the period of discrimination between November 2014 and December 2015, Retail Sales Consultants at the Plaza Las Americas store, who were in the Protected Age Group, were either terminated or constructively forced to resigned.  Meanwhile, AT&T hired Retail Sales Consultants for said store, who were under the Protected Age Group.  On December 9, 2015,

Feliciano-Monroig filed EEOC Charge No. 515-2016-00091, for age discrimination against AT&T. Plaintiff believes AT&T discriminated against him in violation of the *Age Discrimination in Employment Act* as amended, when adverse employment action was taken against him.

19.     Shortly after filing his initial EEOC charge against AT&T, on February 2, 2016, plaintiff was issued an unjustified *final written warning* by AT&T management. AT&T failed to follow company procedures to issue said warning, and said warning was in retaliation for having engaged in protected EEOC activities. Plaintiff filed a charge of continuing action against AT&T for age and retaliation discrimination on February 5, 2016, Charge No. 515-2016-00155.

20.     Plaintiff's age discrimination charged defendants with continuous and ongoing age discrimination practices, which caused the plaintiff to file a retaliation charge in response to an unfounded and retaliatory final written warning given to him on February 2, 2016.

21.     Most of the absences used for disciplinary reasons by his employer, were medically related absences and justifiable. His employer also failed to pay some "sick-days" as required by law, and at one point sent to him a check for "$0.00".

22.     On various occasions defendant rearranged and made last minute work schedule changes without required timely notification, in violation of Union agreement. On occasions the employer also subjected plaintiff to unjustified disciplinary warnings and supervisors selectively harassed him because of his age, while being lenient with younger AT&T employees.

23.     On at least one occasion, an AT&T supervisor wrongfully engaged in disciplinary action against the plaintiff, thru observations and warnings, that was later rectified by management as corresponding to another employee, not the plaintiff. See **Exhibit II**.

24.     Plaintiff was subjected to a hostile treatment, for arbitrary reasons, in response to having reported supervisor's misconduct to the Company's Ethic Hotline. See **Exhibit III.**

25.     Plaintiff filed grievances and complaints with the Union, based on the same set of facts, but most have gone unsolved and/or unattended. As new younger employees are frequently hired by AT&T to replace older ones, like the plaintiff, at a less expensive hourly rate.

26.     At one-point AT&T management engaged in the invasion of plaintiff's privacy, by allowing staff to engage in malicious prosecution by filing a false charge with law enforcement.

27.     Shortly after, during June 2016, plaintiff received notification by the Puerto Rico Police Department which indicated that AT&T Security Director Angel Rijos-Ortiz had falsely and maliciously filed an unjustified police report against him.  As a result of his reckless disregards for plaintiff's family privacy, a finding was made by the Agency that said complaint was unfounded and plaintiff had not engaged in any violations of the law.  Said malicious act by Angel Rijos-Ortiz, as representative for my employer, was an act of discrimination and retaliation for having filed internal complaints regarding unlawful workplace practices.  Defendant's wanton disregard for plaintiff's rights unlawfully deprived him of exercising his constitutional (and licensed) right to possess firearms at his home.  His concealed carry license was suspended, he had to undergo a criminal investigation and his home and family's privacy was gravely disturbed for no legitimate reason.  Defendant Angel Rijos-Ortiz often harassed the plaintiff and frequently brandished his weapon in his presence at work.  Plaintiff, as an AT&T employee was in constant fear for his safety because of Rijos and feared ongoing retaliation by his proven abuse of authority.

28.     Plaintiff Feliciano-Monroig filed another continuing action Charge for age and retaliation discrimination against AT&T, upon notice given to him that AT&T Security had initiated his unlawful criminal investigation.  An EEOC Charge was filed on June 20, 2016, upon notice was given with constructive knowledge, as to whom had initiated the violation of his rights.

29.     Feliciano-Monroig timely filed grievances with the Union, but most were not pursued by the Union, or were simply ignored.

30.     Given the fact that plaintiff continues to work for AT&T, he is susceptible to continued discrimination, harassment and could be susceptible to the retaliatory termination his employment.  A situation made clear to him with the February 2, 2016, final written warning.

31.     Attached to this Complaint are the following supporting documents:

    a.  Right-to-Sue Notice from EEOC

    b.  February 2, 2016 Final written warning.

    c.  February 2, 2015, Final written warning.

    d. October 30, 2015, Voluntary statement.

    e. February 27, 2015, Charge filed with the NLRB.

    f. March 6, 2015, Witness Statement for NLRB.

    g. March 9, 2015, Grievance Form.

    h. Police Report identifying AT&T's Angel Rijos-Ortiz as person giving a complaint.

32. In this case, employer AT&T first took adverse employment action against the plaintiff because of his medically justified absence from work, due to recuperation from a surgery.

33. ***After* plaintiff Feliciano-Monroig reported Puerto Rico's AT&T management unlawful or unethical conduct, in compliance with AT&T Code of Business Conduct, his employer thru Rijos-Ortiz violated company anti-retaliation policies by prosecuting Feliciano, based on false, misleading and unsupported information.  AT&T as an employer, failed to detect and prevent Rijos-Ortiz' unlawful retaliatory conduct and abuse of authority.**

34. Plaintiffs timely filed a civil action in State Court against Defendants, on November 5, 2015, Civil Case No. D DP2015-0821 (703) which gave defendant's constructive knowledge of plaintiff's tort claim for violation of his privacy and interference with his second amendment right. Said claim included violation of plaintiff's privacy, emotional anguish, malicious prosecution, and defamation, among others.  With said State Court filing the statute of limitation for a State tort claim against all defendants was reset, and plaintiff's State Claim for torts included in this civil action is timely filed.  Civil Case No. D DP2015-0821 was subject of dismissal *without* prejudice by Bayamon Superior Court. Thereby, extending the period of time allowed by law, for the plaintiffs to exercise their legal rights in accordance with Puerto Rico Tort law (31 L.P.R.A. sec. 5298, 5303) of Puerto Rico Civil Code.

35. The Plaintiffs now comes before this Court to seek only what is deem to be fair and just, thru reasonable compensation for damages as a result of his employer's violation of the law.

## CAUSES OF ACTIONS

### COUNT I: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

34.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

35.     Defendant discriminated against Plaintiff on the basis of his *age*.

36.     The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their age. At all relevant times plaintiff Feliciano was over the age of forty-five belonging to protected group.

37.     Defendants are jointly and severally liable.

### COUNT II: VIOLATION OF THE COMONWEALTH OF PUERTO RICO LAW

38.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

39.     Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's age. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of his *age*, with regards to the terms and conditions of her employment, refusing to keep or reincorporate employee into her job, willful deprivation of employment and/or taking adverse actions that negatively affect her employment status. It also creates a *presumption* against the employer. In the above referenced case, the plaintiff belonged to a protected class of employees over 40 years of age, he was qualified for his job, and was subjected to adverse employment actions by his employer, because of his age.

40.     Defendants are jointly and severally liable.

### COUNT III: UNLAWFUL RETALIATION

41.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

42.     Defendant's conduct as alleged at length herein constitutes retaliation because plaintiff engaged in activities protected by federal law.  The stated reason for defendant's conduct and adverse employment action was not the true reason, but instead a *pretext* to hide defendant's retaliatory *animus* towards the plaintiff.

43.     The Court will find that AT&T management illegally retaliated against plaintiff by subjecting him to *unjustified scrutiny*, and *false allegations of misconduct* because he had opposed his employer's unlawful workplace practices.  Defendants had no legitimate reason for any such act.  Each said act of discrimination and retaliation is in violation of the law.  **Evidence will show that coworkers under the protected age group, were not similarly disciplined nor subjected to violations of their constitutional rights to privacy and the second amendment.**  Evidence will show AT&T management engaged in violation of plaintiff's rights with impunity.

44.     Defendant's conduct constitutes a violation of the federal laws, which prohibits employers from discriminating against an employee on the basis of his age and also prohibits retaliation against an employee who asserts his rights under the law. Defendant's conduct violates statutory prohibition of employment retaliation.

45.     Courts have consistently held that a defendant is liable for retaliation against a plaintiff for filing an EEOC charge, regardless of the validity or reasonableness of the charge. *Wyatt v. Boston*, 35 F.3d 13,15 (1st Cir. 1994) To permit an employer to retaliate against a charging party based on its unilateral determination that the charge was unreasonable or unjustified would also chill the rights of all individuals protected by the anti-discrimination statutes.

46.     In the present case, the Court will find that the plaintiff engaged in protected activity by initiating an *internal* complaint and/or complaining to supervisors about discrimination and

workplace harassment by management, *prior* to the employer initiating his selective prosecution for unjustified disciplinary action.  When the plaintiff filed the EEOC charge to report unlawful age discrimination, his employer *chose* to initiate and continue with adverse employment action.

47.     In the present case, the plaintiff will prove required elements of his claim: (1) He opposed employer's discrimination and participated in covered proceedings (protected activity), (2) He was subjected to adverse employment action upon *notice* of said activity, and (3) there is a relationship between the extreme disciplinary measure taken at that time, as opposed to those taken against coworkers outside his protected group. Plaintiffs will proffer both direct and circumstantial evidence to show that his employer's reason for adverse actions are a pretext to hide his employer's management retaliatory *animus*.

48.     Plaintiff can and will establish the occurrence unlawful retaliation by his employer, by demonstrating how his employer took adverse action because he filed an EEOC charge of discrimination.  In this case the plaintiff will establish that his protected activity was a but-for cause of the alleged adverse action by the employer.  The filing of an EEOC complaint charging his employer with discrimination and retaliation was in fact a motivating factor for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006)

49.     Further, the plaintiff could be entitled to *doubling* of his damages pursuant to Puerto Rico Act No. 115, 29 L.P.R.A. §194 et seq., in this particular case it is undisputed that the plaintiff filed a charge of age discrimination with the EEOC.  As such, plaintiff's protected activity, a complaint to an administrative forum, clearly fits within the scope of Act No. 115, *supra*.

50.     Plaintiffs should be entitled to an award of *punitive damages*, as defendants engaged in unlawful conduct with *malice* or *reckless indifference* to his federally protected rights.

51.     Taken as a whole, plaintiff's evidence wills suffice to support a finding that defendants acted with reckless disregard to plaintiff's rights.  The evidence of AT&T's failure to resolve plaintiff's internal grievance related to workplace harassment, electing to fabricate plaintiff's misconduct and interference with plaintiff's constitutionally protected rights to privacy and second amendment should suffice to support a jury's finding of *retaliation*, which can support an award of substantial *punitive damages*.

### COUNT IV: Intentional Infliction of Emotional Distress

52.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

53.     Defendant intentionally inflicted serious emotional distress on all the Plaintiffs. Defendant's conduct, as alleged herein, make them liable under Article 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

54.     Defendant's actions and omissions were tortious and caused the Plaintiffs severe mental distress, anguish, humiliation, and shame, which should be compensated. Defendant's conduct and omissions are the proximate cause of all damages complained of herein, in this Supplemental State Law Claim under Puerto Rico's Tort Statute.

### COUNT V: Depravation of Constitutional Rights: Family's Privacy & Second Amendment

55.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

56.     Defendant intentionally inflicted serious emotional distress on all the Plaintiffs.  By fraudulently initiating a police investigation into Plaintiff's family life and relationships, without having committed a crime.  Defendant's action, based on AT&T's false information, encroached plaintiff's right to privacy of his home, his family life and his personal belongings.  Plaintiff's wife and daughter, were emotionally distressed as a result of the Police's presence at home,

interrogation into their relationships, and subsequently having to testify on her husband's behalf. Plaintiffs hold AT&T responsible for this invasion of their private life and her husband's unlawful deprivation of his constitutionally protected 2nd. Amendment right.

57.     Defendant's conduct, as alleged herein, make them liable under Article 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

### COUNT VI: Malicious Prosecution by AT&T Security and/or Defamation

58.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

59.     Defendants thru AT&T Security Manager Angel Rijos-Ortiz filed a Puerto Rico Police report with false information (Incident Report No. 14-7-070-08188) based on information he obtained while at AT&T, to intentionally inflict serious emotional distress on all the Plaintiffs, by falsely accusing the plaintiff of threatening to take his life.  Information which proved to be completely false.  Defendant's actions were the proximate cause of Plaintiff's unlawful deprivation of his constitutional right to keep and bear arms, the taking of his firearms, and the unlawful withholding of his Puerto Rico Weapons License for approximately a year.  Until such false information, given by defendants, was proven to be false and completely unfounded.  Defendant Angel Rijos-Ortiz exercised his authority as AT&T Security Manager to unlawfully engaged the Police, with false information, to unlawfully engaged in the criminal investigation and the selective prosecution of the plaintiff, for no justifiable reason, other than to cause pain and suffering.  Photos taken by the family show the Police "raid" conducted in plaintiff's gated community, thereby exposing the plaintiff to unjustified scrutiny of his home, family matters and his community.

60.     Defendant Angel Rijos-Ortiz, while at work, personally discussed and disclosed personal matters and work related information with Puerto Rico Police officer, to aid in their investigation and confiscation of plaintiff's lawfully obtained Puerto Rico Weapons License. As a

matter of fact, Police Administrative Hearing Report SAIC-NILIAF-DRAEL-2782, which was issued on June 9, 2016, specifically identifies Angel Rijos-Ortiz, Security Director for AT&T, as the person who initiated and gave information to the Puerto Rico Police, to investigate the Plaintiff. Defendant gave false information to third party, also engaged in plaintiff's defamation of character.

61.     Defendant's conduct, as alleged herein, make them liable under Article 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and §5142.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants the Plaintiffs the following remedies:

A.   That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.

B.   That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff.

C.   That this Honorable Court award *compensatory* and *general damages* in the amount of **$5,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiffs, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiffs suffered, as provided by the law and statutes of the United States and the Commonwealth of Puerto Rico.

D.   That this Honorable Court award *exemplary* and *punitive damages* in the amount of **$25,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendants' willful, wanton, and malicious acts with conscious disregard and deliberate indifference to Plaintiff's rights.

E.   That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.

F.   Pre-judgment interest; and

G.   Any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

In San Juan, Puerto Rico, on this 10 day of October of 2016.

Respectfully submitted,

/S/ Humberto Cobo-Estrella, Esq.
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**

PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 200-2715
Email: *hcobo@hcounsel.com*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2016, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiffs*